**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VIP Products, LLC, an Arizona limited liability company,<br><br>                Plaintiff,<br><br>vs.<br><br>The Kong Company, LLC, a Colorado limited liability company; Margherita J. Arvanites, an individual,<br><br>                Defendants. | No. CV-10-0998-PHX-LOA<br><br>**ORDER** |

        This matter is before the Court on Plaintiff's Emergency Motion for an Order Permitting Plaintiff to File Portions of its Amended Complaint and Motion for Temporary Restraining Order Under Seal. (docket # 8)

        Plaintiff commenced this action on May 7, 2010. (docket # 1) Defendants have not yet answered or otherwise appeared, thus Plaintiff does not need leave of the Court to file an amended complaint. Fed. R.Civ.P. 15. Rather, Plaintiff seeks an order to file an Amended Complaint and related Motion for Temporary Restraining Order under seal pursuant to LRCiv. 5.6.

        Plaintiff and Defendant The Kong Company, LLC ("Kong") are competitors in the business of designing and distributing dog toys. Defendant Margherita J. Arvanites was previously a party to a Product License Agreement with Plaintiff and is now, Plaintiff

contends, a party to a license agreement with Kong. Plaintiff's Complaint contains claims that fall into two general categories: (1) Lanham Act claims for false advertising, trademark and trade dress infringement; and (2) breach of contract claims against Defendant Arvanites. (docket # 1)

Plaintiff and Arvanites allegedly entered into a Product License Agreement, effective April 16, 2004. On September 23, 2008, Plaintiff and Arvanites allegedly entered into a written agreement terminating their business relationship, the "Confidential Termination Agreement." Plaintiff states that the terms of the Confidential Termination Agreement provide that the agreement shall be held in "strictest confidence" by the parties. (docket # 8 at 2) Plaintiff further states that a central issue in this case is Plaintiff's allegation that Defendant Arvanites, in the course of her current business relationship with Kong, has violated certain terms of the Confidential Termination Agreement.

Because Plaintiff's claims are based on information that is confidential under the Confidential Termination Agreement, Plaintiff's original Complaint includes only "bare bones" allegations that Defendant Arvanites violated terms of the Confidential Termination Agreement. Plaintiff has prepared an Amended Complaint which includes the details of the contract terms, the nature of Plaintiff's contentions regarding Arvanites' alleged breaches, and Plaintiff's rights under the terms of the parties' Confidential Termination Agreement. Plaintiff seeks leave of the Court to file its Amended Complaint under seal to protect the confidentiality of the parties' Confidential Termination Agreement. Plaintiff also seeks leave to file a related Motion for Temporary Restraining Order under seal.

Federal Rule of Civil Procedure 26(c) provides that the court may enter protective orders which, in the court's judgment, in view of all of the surrounding circumstances, "justice requires" upon a showing of "good cause." Fed. R. Civ. P. 26 (c). Courts have "considerable discretion in deciding whether the circumstances warrant entry of a protective order and, if so, what provisions should be included." *In re Pizza Time Theatre Securities Litigation*, 113 F.R.D. 94, 97 (N.D. Cal. 1986). In view of the confidential nature of Plaintiff's allegations against Defendant Arvanites, the Court will

grant Plaintiff's motion to file its Amended Complaint and Motion for Temporary Restraining Order under seal.

Accordingly,

**IT IS ORDERED** that Plaintiff's Emergency Motion for an Order Permitting Plaintiff to File Portions of its Amended Complaint and Motion for Temporary Restraining Order Under Seal, including its request for expedited consideration, docket # 8, are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff VIP Products, LLC, may file under seal: (1) Plaintiff's Amended Complaint; and (2) Plaintiff's Motion for Temporary Restraining Order.

**IT IS FURTHER ORDERED** that the parties shall not use emphasis (such as bold text) in the caption of pleadings, motions or other court filings as contrary to the District's Local Rules. LRCiv 7.1(a), n. 2.

Upon the filing of Plaintiff's Motion for Temporary Restraining Order and except upon the written consent of all parties to magistrate-judge jurisdiction pursuant to 28 U.S.C. 636(c)(1), this Magistrate Judge will direct the Clerk of the Court to randomly reassign this case to a United States District Judge as a magistrate judge is without jurisdiction to consider Plaintiff's request for injunctive relief. 28 U.S.C. § 636(b)(1)(A).

DATED this 17th day of May, 2010.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge